UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00285-MOC

| | |
|---|---|
| **DEBRA HALL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **ORDER OF REMAND** |
| ) | |
| **NANCY BERRYHILL, Acting Commissioner of** ) | |
| **Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.     Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

**II.     Standard of Review**

This Court's review of the Commissioner's determination is limited to evaluating whether the findings are supported by substantial evidence and whether the correct law was applied. Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). A reviewing court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," this Court will defer to the Commissioner's decision. Id. (internal quotation marks omitted). Thus, the only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**III.    Discussion**

    **A.    Introduction**

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence.

B.  **Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fifth step of the sequential evaluation process.

C.  **The Administrative Decision**

At the first step, the ALJ found the Plaintiff had not engaged in substantial gainful activity since January 26, 2013. (Tr. 35). At the second step, the ALJ found the Plaintiff had the following severe impairments: rheumatoid arthritis, obesity, and anxiety and depression. (Tr. 35). At step three, the ALJ found the Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 36).

The ALJ then found that the Plaintiff had the RFC to perform sedentary work (lifting and carrying 10 pounds occasionally and standing and/or walking 2 hours in an 8-hour workday, as defined in 20 C.F.R. 404.1567(a)) except she can stand one minute an hour in place. (Tr. 37). She is limited to frequent, not constant, reaching, fingering and handling. (Tr. 37). She needs a cane to ambulate, but not for performance of job duties. (Tr. 38). She is limited to a nonproduction setting, she can stay on task two hours at a time, and she can perform simple routine repetitive tasks. (Tr. 37). She can occasionally interact with the public. (Tr. 37). She needs to elevate her feet to the height of a box of copy paper, which is about 10 inches. (Tr. 37).

At the fourth step, the ALJ found the Plaintiff cannot perform any past relevant work. (Tr. 42).

At the fifth step, relying on the testimony of the VE, considering the Plaintiff's age, education, work experience, and RFC, the ALJ found there were jobs that exist in significant numbers in the national economy that the Plaintiff could perform (Tr. 43). Thus, the ALJ determined that Plaintiff was not disabled under the Act.

**D. Discussion**

The assignment of error on this appeal is narrow, but critical. At the four step of the sequential evaluation process, the ALJ determined that due to RA and synovitis, which causes the pooling of synovial fluid in plaintiff's lower legs, she needed to elevate her feet 10 inches during the work day. There is no dispute in the record that: plaintiff suffers from RA or synovitis; that she suffers from the pooling of synovial fluid; that such is painful; or that it is relieved, somewhat, by raising her legs. The problem *in this record* is that the only evidence concerning how high

4

plaintiff must raise her legs comes from plaintiff's own testimony. While plaintiff argues that such testimony is supported by the medical literature – a fact which this court does not doubt -- that literature was not entered into evidence and not before the ALJ.1 On the other side of the coin, there is also no evidence to support the ALJ's determination that plaintiff need only elevate her legs 10 inches, a height that would be under the 12 inch limit for testified to by the vocational expert. While plaintiff suggests that the 10 inch number reached by the ALJ was a result oriented finding, this Court will not ascribe such a motive.

The Court fully agrees with the Commissioner that it is the claimant's burden to come forward with evidence – be it a doctor's opinion, medical literature, or her own testimony -- through the fourth step of the sequential evaluation process. Even in establishing RFC, the burden is on the claimant to establish that she suffers from a physical (or mental) impairment which limits functional capacity. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). Here, however, it is not disputed that plaintiff suffers from RA and synovitis, or that she suffers from the pooling of synovial fluid. The only issue is what measures or accommodations are needed to provide relief from such condition. Clearly, both the ALJ and claimant agree that elevation of the legs during the day is necessary. While plaintiff's position that relief comes with elevation above the waist is only supported by her own testimony, the ALJ's position is supported by *nothing* in the record.

The Court has first reviewed plaintiff's hearing testimony, where she clearly states that relief at home comes with elevation and that she uses an ottoman, with pillows stacked on that, to elevate her legs above her waist. (Tr. 75). In reviewing the ALJ DEC (Tr. 30-44), the ALJ clearly

---

1 Review of the Administrative Record does reveal that counsel for claimant submitted medical articles to the Appeals Council, including an article entitled *Treatment of Edema*. (Tr. 18-24)

acknowledged this testimony, stating that "[s]he testified she has to sit to elevate her feet daily for about 30 minutes to an hour about three times a day," (Tr. 38), but later stated that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 38). While the ALJ then goes on to summarize the medical evidence, he does not explain why he did not include the need for above- waist elevation or why claimant's testimony in that regard was not credible. Likewise, there is no medical evidence cited by the ALJ that supports the need for only 10 inches of elevation.

In <u>Hatcher v. Secretary</u>, 898 F.2d 21, 23 (4th Cir. 1989), the Court of Appeals for the Fourth Circuit held that

> it is well settled that: "the ALJ is required to make credibility determinations--and therefore sometimes make negative determinations-- about allegations of pain or other nonexertional disabilities. . . . But such decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge, . . . and it is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process."

<u>Id.</u>, (quoting <u>Hammond v. Heckler</u>, 765 F.2d 424, 426 (4th Cir. 1985) (citations omitted)). This Court cannot base its review of the ALJ's decision on post-hoc rationalizations. <u>Grogan v. Barnhart</u>, 399 F.3d 1257, 1263 (10th Cir.2005) (finding it inappropriate to "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.").

Rather, in light of the complete lack of explanation as to why the ALJ found a 10 inch lift requirement without any support, but disregarded plaintiff's testimony that she needed above the

waist elevation, which finds some support, a remand of this matter is not only appropriate but required. Radford v. Colvin, 734 F.3d 288, 295–296 (4th Cir. 2013). Of particular concern is not just the lack of support for the ALJ's 10 inch determination, but the lack of any specific acknowledgement that plaintiff testified that she needed to elevate her feet above her waist or the reasons the ALJ found that testimony to not be credible. In Radford, the court explained

> [a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.

Radford, 734 F.3d at 295 (citations omitted); Arnold v. Sec'y of Health, Ed. & Welfare, 567 F.2d 258, 260 (4th Cir. 1977) (ALJ failed to include an adequate discussion "in what amount[ed] to no more than a bare recital that [the ALJ] considered the evidence.").

The appellate court reasoned that it is best to "remand to the agency for additional investigation or explanation" when a court cannot evaluate the record of the basis that underlies the ALJ's ruling. Radford, 734 F.3d at 295 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)); see also Mascio, 780 F.3d at 640 ("ALJ's lack of explanation requires remand" when the "ALJ explain[ed] how he decided [the evidence] . . . [with a] vague (and circular) boilerplate statement."). The court emphasized that it was "not our province -- nor the province of the district court -- to engage in these [fact-finding] exercises in the first instance." Radford, 734 F.3d at 296; see also Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986) (holding that without an explanation from the ALJ, "it is simply impossible to tell whether there was substantial evidence to support the determination"). Remand is warranted and should be fairly straight forward.

7

E.  Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error.  Review of the entire record reveals that the decision of the ALJ is not supported by substantial evidence.  See Richardson v. Perales, supra; Hays v. Sullivan, supra.  Finding that there was not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be reversed and this matter remanded for further proceedings consistent with this Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **REVERSED**;

(2) the plaintiff's Motion for Summary Judgment (#9) is **GRANTED**;

(3) the Commissioner's Motion for Summary Judgment (#12) is **DENIED** and

(4) this action is **REMANDED** for further proceedings consistent with this Order, and this action is otherwise **DISMISSED**.

Signed: March 23, 2018



Max O. Cogburn Jr.
United States District Judge